UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JOSHUA POE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )  No.: 23-cv-3020-JBM |
| | ) |
| WESSEL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and currently incarcerated at Hill Correctional Center, files a complaint pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights while incarcerated at Western Illinois Correctional Center ("Western"). (Doc. 1). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ALLEGATIONS

Plaintiff alleges that he was sexually assaulted by Defendant Wessel, a correctional officer at Western, on July 29, 2022, during 7:00 a.m. count. Specifically, Plaintiff claims that Defendant Wessel entered his cell while he was sleeping, put his hand in Plaintiff's underwear, squeezed

1

Plaintiff's buttocks, stuck his finger in Plaintiff's anus, and made a derogatory comment. (Doc. 1 at 22, ¶ 3). Plaintiff states that he woke up yelling and watched Defendant Wessel leave his cell.

Around 9:15 a.m. that morning, Plaintiff informed Defendant Poole, a sergeant at Western, that Defendant Wessel had sexually assaulted him. Defendant Poole asked for Plaintiff's identification card and walked away. At some point, Defendant Poole returned Plaintiff's identification card and told Plaintiff he was lying, as Defendant Wessel did not even open Plaintiff's cell door.

Later in the day, Warden Williams and Settle from Internal Affairs, who are not named as parties, were checking on inmates on the C-wing. Plaintiff informed Warden Williams that Defendant Wessel sexually assaulted him. Settle took Plaintiff to the Internal Affairs office, and Plaintiff filed a PREA report.

On August 1, 2022, Plaintiff was taken to Blessing Hospital where he received a rape test kit. On August 20, 2022, Plaintiff was transferred to Hill Correctional Center.

Plaintiff states he was prescribed medication to help with the physical, mental, and emotional suffering caused by the alleged sexual assault. Plaintiff alleges that he is still traumatized and has difficulty sleeping.

**ANALYSIS**

Under the Eighth Amendment, a convicted prisoner generally needs to show that the defendant intentionally harmed him or acted with deliberate indifference toward a risk of harm to him. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Sinn v. Lemmon*, 911 F.2d 412, 419 (7th Cir. 2018). Plaintiff alleges that Defendant Wessel entered his cell while he was sleeping, stuck his hand in his underwear, squeezed his buttocks, and stuck his finger in his anus. The Court finds that

Plaintiff has sufficiently alleged that Defendant Wessel violated his Eighth Amendment rights based on the alleged sexual assault on July 29, 2022.

Plaintiff alleges that Defendant Poole was deliberately indifferent to his serious medical needs by failing to provide emergency medical attention (physical and mental) after he informed Defendant Poole about the sexual assault. It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and "either acts or fails to act in disregard of that risk." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). A claim does not rise to the level of an Eighth Amendment issue, however, unless the punishment is "deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable." *Antonelli v. Sheahan,* 81 F.3d 1422, 1427 (7th Cir. 1996); *see also Pyles v. Fahim*, 771 F.3d 403, 411-12 (7th Cir. 2014) (healthcare providers may exercise their medical judgment when deciding whether to refer a prisoner to a specialist). When Plaintiff informed Defendant Poole that he had been sexually assaulted, Defendant Poole asked for Plaintiff's identification card and walked away. He returned sometime later and told Plaintiff he was lying, as Defendant Wessel had not even entered his cell. Plaintiff does not indicate if he requested medical attention and Defendant Poole refused to obtain medical care for him. As currently pled, Plaintiff fails to plead a deliberate indifference claim against Defendant Poole.

Plaintiff also alleges that Defendant Poole violated the Eighth Amendment by failing to protect him from the assault. To establish an Eighth Amendment violation, Plaintiff must show that Defendant Poole acted with deliberate indifference to an excessive risk to Plaintiff's health or

safety. *J.K.J. v. Polk Cnty.*, 960 F.3d 367, 376 (7th Cir. 2020). "Obviously, a staff on inmate sexual assault constitutes an objectively serious risk to an inmate's safety." *Doe v. Macleod*, 2023 WL 26986672, at *9 (C.D. Ill. March 29, 2023) (citing *J.K.J.*, 960 F.3d at 376)). The deliberate indifference standard is a subjective one. *Estate of Novack ex rel. Turbin v. Cnty. of Wood*, 226 F.3d 525, 529 (7th Cir. 2000). It is not enough to allege a prison official objectively should have been aware of the danger to the inmate. *Id.* In assessing deliberate indifference, courts examine the prison official's subjective state of mind. *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). A plaintiff must show "evidence that an official *actually* knew of and disregarded a substantial risk of harm." *Id.* (citing *Farmer*, 511 U.S. 837); *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). Plaintiff does not allege that Defendant Poole had any knowledge of the impending sexual assault or that he was subjectively aware of any risk posed by Defendant Wessel. Therefore, the Eighth Amendment claim against Defendant Poole is DISMISSED with prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A.

## MOTION TO REQUEST COUNSEL

Plaintiff has also filed a Motion to Request Counsel. (Doc. 5). The Court does not possess the authority to require an attorney to accept pro bono appointments on civil cases such as this. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). The most that the Court can do is to ask for volunteer counsel. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that it is a fundamental premise that indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court). Before appointing counsel, the Court must determine if Plaintiff made a reasonable attempt to secure counsel on his own, or conversely, if he has been precluded from doing so. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). This typically requires writing to several lawyers and attaching the responses. *See Olson*, 750 F.3d at 711.

Plaintiff attached a response from the law firm of Kaplan & Grady, which declined to accept his case. (Doc. 5 at 7). Plaintiff states that made repeated efforts to obtain a lawyer to no avail, but he does not indicate what other law firms or attorneys he contacted and if he received responses to his inquiries. *Id.* at 3. Plaintiff attached six "Authorizations for Payment," which could indicate that he contacted other law firms; however, the handwriting on the authorizations is illegible. *Id.* at 8-13. As a result, the Court is unable to determine if Plaintiff made a reasonable attempt to secure his own lawyer. Plaintiff's Motion is DENIED, with leave to renew. If Plaintiff renews his motion, he is directed to attach copies of letters he sent to or received from prospective counsel.

**IT IS THEREFORE ORDERED:**

1. According to the Court's Merit Review of Plaintiff's complaint under 28 U.S.C. § 1915A, this case shall proceed on the Eighth Amendment claim against Defendant Wessel for allegedly sexually assaulting Plaintiff on July 29, 2022. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2. The deliberate indifference medical claim against Defendant Poole is DISMISSED without prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff is given leave to file an amended complaint within 30 days. Plaintiff's amended complaint will replace his complaint in its entirety and must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

3. Plaintiff's Motion to Request Counsel [5] is DENIED.

4. This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an

appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5. The Court will attempt service on Defendant by mailing a waiver of service. If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6. Defendant shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's position. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered. If Defendant has not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

7. If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of Defendant's forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8. This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any

motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9. Counsel for Defendant is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendant shall arrange the time for the deposition.

10. Plaintiff shall be provided a copy of all pertinent medical records upon request.

11. Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12. Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

13. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED:   4/26/2023

                                                                       s/ Joe Billy McDade
                                                                       Joe Billy McDade
                                                                       U.S. District Court Judge